Ruffin, C. J.
 

 The statute makes it a misdemeanor to game at cards “in a house where spirituous liquors are retailed, or in any out-house attached thereto, or any part of the premises occupied with such house.”
 
 Rev. St. ch.
 
 34,
 
 sec.
 
 69. The next section makes the retailer indictable for suffering such gaming in his house or any part of his premises. This language renders it perfectly clear, that the place of retailing and the place of gaming must be the same house, or, at the least, parts of the same establishment. “The premises” mean those places only, which are occupied by the retailer with the house in which he retails, as one whole. They cannot include a place not occupied by him, nor even let to him. It is nothing, that the two places of retailing and gaming were once occupied together by some one, as parts of the same premises ; for, if severed and occupied by different per* sons, when the gaming occurred, they were then not the same premises. That was the case here. The lessee’s' rights were restricted to the shop itself, with only the., liberty of laying fire-wood near it; and the residue of both lots was occupied by Pleasant Black in severaltyo Suppose he had leased the barn and stables to a third person. Clearly, each lessee would occupy his share in severalty; and it would be the same, as if he had sold and conveyed to each lessee'his own particular premises in fee. The one would not be liable to be indicted for
 
 *380
 
 gaming on the premises of the other; and, of course, persons gaming on one parcel, on which spirits were not re» tailed, would not be within the statute, although retailing was carried on upon the other. The case is the same, when the owner continued in possession of those parts of the lots, which ho had not leased. They were his pre» ■mises and not the lessee’s. The barn could not be laid as Marshall S. Black’s, in an indictment for burglary or arson. Indeed, the instruction assumed that he had no control over it; and it follows, necessarily, that it could not be a part of the premises occupied by him.
 

 The judgment was therefore erroneous, and there must
 
 he
 
 a
 
 venire de novo.
 

 PjsR Cijeiam. Ordered to be certified accordingly.